## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JILL REED, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No:** __13-cv-2317 RDR/KGS__ |
| | ) | |
| WALTON WRIGHT ASSOCIATES, | ) | |
| LLC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JILL REED, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, WALTON WRIGHT ASSOCIATES, LLC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Electronic Funds Transfer Act (hereinafter "EFTA"), 15 U.S.C. §1693, et seq.

### II.   JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

5.     JILL REED, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Shawnee, County of Johnson, State of Kansas.

1

6.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Cash Jar (hereinafter, "the Debt").

7.      The debt that Plaintiff allegedly owed Cash Jar was for a payday loan, the funds of which were used by Plaintiff for personal and/or household expenditure.

8.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.      At all relevant times, Plaintiff had an account in her name at Wanigas Credit Union (hereinafter, "WCU").

10.     At all relevant times, the account held by Plaintiff at WCU was an asset account established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

11.     At all relevant times, the WCU account held by Plaintiff was an "account" as that term is defined by 15 U.S.C. §1693a(2).

12.     At all relevant times WCU was a financial organization responsible for holding funds in an account belonging to Plaintiff.

13.     At all relevant times, WCU was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

14.     WALTON WRIGHT ASSOCIATES, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas.  Defendant is registered as a limited liability company in the State of Georgia.

15.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

18.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

19.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20.     At all relevant times, Defendant received funds from Plaintiff's WCU account, which were transferred to Defendant electronically.

21.     Defendant instructed WCU through an electronic terminal, by telephone, or other electronic means, to transfer funds from Plaintiff's WCU account to Defendant.

22.     Defendant received funds from Plaintiff's WCU account.

23.     At all relevant times, the transfer of funds from Plaintiff's WCU account to Defendant were "electronic fund transfers" as that term is defined by 15 U.S.C. §1692a(7).

24.     The transfer of funds from Plaintiff's WCU account to Defendant were authorized by Plaintiff orally, in advance of the transfer, and were to recur regularly.

25.     At all relevant times, the transfer of funds from Plaintiff's WCU account to Defendant were "preauthorized electronic fund transfers" as that terms in defined by 15 U.S.C. §1693a(10).

3

## IV.   ALLEGATIONS

## FACTS COMMON TO ALL COUNTS

26.     Plaintiffs re-allege and incorporate by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

27.     In or around December 2012, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff to Cash Jar.

28.     The aforementioned telephone call was the initial communication between Plaintiff and Defendant relative to the Debt.

29.     During the course of the aforementioned telephone call between Plaintiff and Defendant, Defendant asked Plaintiff how she planned to pay the Debt.

30.     During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff agreed to set up a payment plan with Defendant in relation to the Debt.

31.     Pursuant to the payment plan between Defendant and Plaintiff, Plaintiff agreed to pay $255 to Defendant on the tenth (10) and on the twenty-fifth (25) day of each month, with payments to commence on or about December 25, 2012.

32.     During the course of the telephone call between the parties, Defendant informed Plaintiff that it could electronically debit the bi-monthly payments agreed upon by Plaintiff and Defendant from any of Plaintiff's accounts.

33.     During the course of the aforementioned telephone call, Plaintiff provided Defendant with her WCU account number.

34.     During the course of the aforementioned telephone call, Plaintiff further provided Defendant with her oral authorization for Defendant to electronically transfer funds from

Plaintiff's WCU account to Defendant in accordance with the bi-monthly payment terms agreed upon by Plaintiff and Defendant.

35.     At no time during the telephone conversation between Plaintiff and Defendant, that took place in or around December 2012, did Defendant advise Plaintiff that in order for Defendant to be able to transfer funds from Plaintiff's WCU account to Defendant, Plaintiff had to provide Defendant with her written consent to carry out the aforesaid transfers, as required by the Electronic Funds Transfer Act, 15 U.S.C. §1693(e)(a).

36.     To date, Plaintiff has not provided Defendant with written consent to transfer any funds from Plaintiff's WCU account to Defendant.

37.     To date, Plaintiff has not provided Defendant with written authorization to transfer any funds from Plaintiff's WCU account to Defendant.

38.     To date, Defendant has not obtained written consent or authorization from Plaintiff or any third-parties to transfer funds from Plaintiff's WCU account to Defendant.

39.     To date, Plaintiff has not provided Defendant with written consent or authorization for Defendant to carry out any electronic fund transfers from Plaintiff's WCU account to Defendant.

40.     To date, Plaintiff has not provided WCU with written consent or authorization for Defendant to carry out any electronic fund transfers from Plaintiff's WCU account to Defendant.

41.     To date, Plaintiff has not informed Defendant that she waived her right to provide Defendant with written consent or authorization to execute the transfer of funds from Plaintiff's WCU account to Defendant.

42.     Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt,

the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

43.     On or about December 30, 2012, Defendant withdrew $255 from Plaintiff's WCU account.

44.     On or about December 30, 2012, Defendant transferred to Defendant $255 in funds from Plaintiff's WCU account.

45.     On or about December 30, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's WCU account.

46.     On or about December 30, 2012, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's WCU account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

47.     On or about December 30, 2012, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's WCU account, WCU had not obtained written authorization from Plaintiff to allow Defendant to make the aforesaid transaction.

48.     At no time prior to on or about December 30, 2012, did Defendant provide Plaintiff with a copy of any putative written authorization Plaintiff may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's WCU account to Defendant.

49.     Defendant did not provide Plaintiff with written notification of its intent to withdraw the aforementioned postdated payment.

50.     Defendant did not provide Plaintiff with written notification of its intent to deposit the aforementioned postdated payment.

51.    In or around January 2013, Defendant attempted to withdraw the second $255 payment from Plaintiff's WCU account pursuant to the agreed upon payment agreement.

52.    Defendant's attempt to withdraw the second payment from Plaintiff's WCU account was not successful.

53.    Subsequent to Defendant's unsuccessful attempt to withdraw the second payment from Plaintiff's WCU account, Defendant initiated a telephone call to Plaintiff.

54.    During the aforementioned telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that it was not able to withdraw the $255 January payment from Plaintiff's WCU account.

55.    Defendant then threatened to garnish Plaintiff's wages if Plaintiff did not tender the $255 payment to Defendant.

56.    At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the Debt.

57.    At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the Debt.

58.    The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the Debt.

59.    Defendant's representation that it would garnish Plaintiff's wages if she did not tender the $255 payment to Defendant falsely represented the character, amount, or legal status of the Debt by suggesting that the Debt could proceed straight to garnishment.

60.    On or about January 11, 2013, Defendant withdrew $255 from Plaintiff's WCU account.

61.     On or about January 11, 2013, Defendant transferred to Defendant $255 in funds from Plaintiff's WCU account.

62.     On or about January 11, 2013, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's WCU account.

63.     On or about January 11, 2013, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's WCU account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

64.     On or about January 11, 2013, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's WCU account, WCU had not obtained written authorization from Plaintiff to allow Defendant to make the aforesaid transaction.

65.     At no time prior to on or about January 11, 2013, did Defendant provide Plaintiff with a copy of any putative written authorization Plaintiff may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's WCU account to Defendant.

66.     Defendant did not provide Plaintiff with written notification of its intent to withdraw the aforementioned postdated payment.

67.     Defendant did not provide Plaintiff with written notification of its intent to deposit the aforementioned postdated payment.

68.     On or about January 25, 2013, Defendant transferred to Defendant $255 in funds from Plaintiff's WCU account.

69.     On or about January 25, 2013, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's WCU account.

70.     On or about January 25, 2013, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's WCU account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

71.     On or about January 25, 2013, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's WCU account, WCU had not obtained written authorization from Plaintiff to allow Defendant to make the aforesaid transaction.

72.     At no time prior to on or about January 25, 2013, did Defendant provide Plaintiff with a copy of any putative written authorization Plaintiff may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's WCU account to Defendant.

73.     Defendant did not provide Plaintiff with written notification of its intent to withdraw the aforementioned postdated payments.

74.     Defendant did not provide Plaintiff with written notification of its intent to deposit the aforementioned postdated payments.

75.     On or about February 10, 2013, Defendant withdrew $255 from Plaintiff's WCU account.

76.     On or about February 10, 2013, Defendant transferred to Defendant $255 in funds from Plaintiff's WCU account.

77.     On or about February 10, 2013, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's WCU account.

78.     On or about February 10, 2013, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's WCU account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

79.     On or about February 10, 2013, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's WCU account, WCU had not obtained written authorization from Plaintiff to allow Defendant to make the aforesaid transaction.

80.     At no time prior to on or about February 10, 2013, did Defendant provide Plaintiff with a copy of any putative written authorization Plaintiff may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's WCU account to Defendant.

81.     Defendant did not provide Plaintiff with written notification of its intent to withdraw the aforementioned postdated payment.

82.     Defendant did not provide Plaintiff with written notification of its intent to deposit the aforementioned postdated payment.

## COUNT I: VIOLATION OF THE FDCPA

83.     Plaintiff   re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

84.     In its attempts to collect the Debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

e.  Accepted a payment postdated by more than five days and failed to notify Plaintiff in writing of its intent to deposit said payment not more than ten nor less than three business days prior to such deposit in violation of 15 U.S.C. §1692f(2);

f.  Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

g.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

85.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JILL REED, by and through her attorneys, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00;

c.  Plaintiff's attorneys' fees and costs;

d.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE EFTA

86.  Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

87.  The Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, provides in part as follows:

"§1693e – Preauthorized Transfers

(a)  A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made …"

88.     On or about the following dates, Defendant carried out  preauthorized electronic fund transfers from Plaintiff's WCU account without having first obtained written consent from Plaintiff to carry out the transactions:

        a.     On or about December 30, 2012;

        b.     On or about January 11, 2013;

        c.     On or about January 25, 2013; and,

        d.     On or about February 10, 2013.

89.     On or about the dates delineated in the preceding paragraph, Defendant carried out preauthorized electronic fund transfers from Plaintiff's WCU account without having first provided Plaintiff with any putative written authorization Defendant may have allegedly obtained from Plaintiff providing authorization to Defendant to carry out the transactions.

90.     Defendant debited Plaintiff's WCU account, on multiple occasions, without obtaining a written authorization signed or similarly authenticated from Plaintiff for a preauthorized electronic fund transfer from Plaintiff's WCU account, thereby violating 15 U.S.C. §1693e(a).

91.     Defendant debited Plaintiff's WCU account, on multiple occasions, without providing Plaintiff  a copy of a written authorization allegedly signed or similarly authenticated by Plaintiff for a preauthorized electronic fund transfer from Plaintiff's WCU account, thereby violating 15 U.S.C. §1693e(a).

WHEREFORE, Plaintiff, JILL REED, by and through her attorneys, respectfully prays for judgment as follows:

        a.     All actual compensatory damages suffered;

        b.     Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

c.      Plaintiff's attorneys' fees and costs; and,

d.      Any other relief deemed appropriate by this Honorable Court.

## V.      JURY DEMAND

92.     Plaintiff hereby demands a trial by jury on all issues so triable.

93.     The Plaintiff, JILL REED, by and through her attorneys, SMITHMARCO, P.C.,

hereby respectfully requests that the trial of this matter proceed in Kansas City.

Respectfully submitted,
**JILL REED**


Dated: July 1, 2013                              By:      s/ Mandy M. Shell
Mandy M. Shell, KS Bar # 23410
PO Box 413677
Kansas City, MO  64141
Telephone:   (913) 871-4170
Facsimile:    (888) 418-1277
E-Mail:      mshell@smithmarco.com
ATTORNEY FOR PLAINTIFF